IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BOBBY GENE SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-1007-C |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a Foreign Corporation, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Compel State Farm Mutual Automobile Insurance Company ("State Farm") to Produce Documents (Dkt. No. 12). Defendant State Farm filed a Response to Plaintiff's (Dkt. No. 17), and Plaintiff filed a Reply (Dkt. No. 18). The Motion is now at issue.

I. Background

On September 26, 2016, Plaintiff was driving westbound on Britton Road. An unnamed driver hit her on the driver's side and fled the scene before the police arrived. At the time of the car accident, Plaintiff was insured by State Farm, including uninsured motorist coverage. Plaintiff alleges she made a proper uninsured motorist coverage claim according to the requirements of her State Farm insurance policy but has been deprived of policy benefits. She brings claims for breach of contract and bad faith against State Farm.

II. Standard

Federal district courts enjoy broad discretion over discovery measures. Rule 26 governs the scope of discovery and its proper scope encompasses "any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). In general, relevancy should be broadly construed and proportional to the needs of the case. "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance as defined under Rule 26(b)(1), or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Cardenas v. Dorel Juvenile Group, Inc., 232 F.R.D. 377, 382 (D. Kan. 2005).

### III. Discussion

#### A. Request for Production No. 5

Defendant has responded to Plaintiff's request and this Court finds this portion of Plaintiff's Motion is stricken as moot.

#### B. Request for Production No. 21

Defendant has responded to Plaintiff's request and this Court finds this portion of Plaintiff's Motion is stricken as moot.

#### C. Requests for Production Nos. 36, 37, 38, and 39

Plaintiff has requested: (1) "documentation showing the premiums earned in Oklahoma in the last five years" (Pl.'s Mot., Dkt. No. 12, p. 8); (2) "documentation showing the amounts paid out in claims and related claim expenses in Oklahoma in the last five years (Pl.'s Mot., Dkt. No. 12, p. 8); (3) "documentation showing the Automobile Insurance Policy premiums earned in Oklahoma in the last five years" (Pl.'s Mot., Dkt. No. 12, p. 8); and (4) "documentation showing the amounts paid out in Automobile Insurance claims and related

2

Automobile Insurance Policy claim expenses in Oklahoma in the last five years." (Pl.'s Mot., Dkt. No. 12, p. 8).

Plaintiff argues that because she is seeking punitive damages, Defendant's financial information is discoverable. (Pl.'s Mot., Dkt. No. 12, p. 10.) Plaintiff also argues that pursuant to 23 Okla. Stat. § 9.1, a jury is "expressly instructed that they may consider '*the profitability of the misconduct to the Defendant*." (Pl.'s Mot., Dkt. No. 12, p. 10 (quoting 23 Okla. Stat. § 9.1)). Plaintiff argues that the Requests for Production "asking for premiums earned and claims and claim expenses paid in Oklahoma, and then in particular as to Oklahoma *automobile* policies, directly relate to the profitability of the misconduct of the Defendant." (Pl.'s Mot., Dkt. No. 12, p. 10.)

Defendant rebuts Plaintiff's request for production by arguing that the "information sought is overly broad, unduly burdensome, not material, seeks information that is not relevant to the claims and defenses of any party, not proportional to the needs of the case and is not reasonably calculated to lead to discovery of admissible evidence." (Def.'s Resp., Dkt. No. 17, p. 4.)

"When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a *prima facie* case on the issue of punitive damages." Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc., 130 F.R.D. 149, 151 (D. Kan. 1990). "Oklahoma law requires the production of financial information where a request for punitive damages is pled." Toussaint-Hill v. Montereau in Warren Woods, No. 07-CV-179 GFK/SAJ, 2007 WL 3231720 at *1 (N.D. Okla. Oct. 29, 2007) (citing Heartland Surgical Specialty Hosp., LLC v.

3

Midwest Division, Inc., No. 05-2164-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. March 25, 2007)).

The financial information pertaining to premiums earned and amounts paid out in Oklahoma claims in the past five years is "relevant to assessing the amount of punitive damages that would achieve the desired retributive and deterrent effect." Emmert Second Limited Partnership v. Marshalltown Company, No. Civ-10-12-C, 2011 WL 13228383, at *2 (W.D. Okla. 2011). Defendant's additional financial information, detailed in the Requests for Production Nos. 36, 37, 38 and 39, is relevant to Plaintiff's claims and the information is discoverable. This Court reminds counsel that there is an agreed Protective Order restricting the use of proprietary and confidential information in the instant circumstances.

This Court finds that Defendant was substantially justified in raising its objections, Plaintiff is not entitled to costs associated with the filing of this motion.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel State Farm Mutual Automobile Insurance Company to Produce Documents (Dkt. No. 12) is STRICKEN in part and otherwise GRANTED.

IT IS SO ORDERED this 20th day of September, 2018.

_____
ROBIN J. CAUTHRON
United States District Judge